UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANA MARIE HINCAPIE | CIVIL ACTION |
| VERSUS | NO. 23-1972 |
| EAN HOLDINGS, LLC, et al. | SECTION: "G"(5) |

## ORDER

Before the Court is a Motion to Dismiss without Prejudice[1] filed by Plaintiff Ana Marie Hincapie and a Motion to Dismiss with Prejudice[2] filed by Defendant Subaru of America ("Subaru"). Subaru's motion was set for submission on March 20, 2024. Pursuant to Local Rule 7.5, an opposition to the motion was to be filed on or before March 12, 2024. To date, Plaintiff has not filed an opposition to the motion. As such, the motion shall be deemed unopposed.

Plaintiff submits that her previous attorney withdrew from representation when they could not substantiate her demand with testimony from an expert witness, and Plaintiff now wishes to dismiss her claims against all Defendants without prejudice.[3]

Subaru contends that following the withdrawal of Plaintiff's former counsel, Plaintiff failed to appear for two status conferences and failed to produce Rule 26 initial disclosures.[4] Subaru submits that the Court issued an Order to Show Cause[5] as to why this matter should not be

---

[1] Rec. Doc. 24.

[2] Rec. Doc. 25.

[3] Rec. Doc. 24.

[4] Rec. Doc. 25-1 at 1 – 2.

[5] Rec. Doc. 23.

1

dismissed for Plaintiff's failure to prosecute, which Plaintiff failed to comply with.[6] Subaru argues that Federal Rule of Civil Procedure 41(b) allows district courts to dismiss an action upon the motion of a defendant or its own motion for failure to prosecute, and this Court has granted such dismissals with prejudice for a plaintiff's failure to comply with court orders.[7]

Subaru asserts that Plaintiff's request for dismissal without prejudice leaves Subaru open to potential legal prejudice since, given Plaintiff's domicile, it is conceivable she could attempt to re-file in the state of South Carolina.[8] Subaru avers that notwithstanding the intricacies of potential jurisdictional questions, timeliness, and issue preclusion, a dismissal without prejudice leaves Subaru in a position for potential prejudice should Plaintiff attempt to bring suit elsewhere.[9] Subaru submits that should Plaintiff attempt to re-file, Subaru will be further prejudiced by the passage of time because time passage will lead to the destruction of critical evidence.[10] In sum, Subaru contends that in light of Plaintiff's failure to retain new counsel, failure to produce Rule 26 disclosures, failure to comply with Court orders, her admission that her attorney could not substantiate her demand, and the absence of any evidence supportive of Plaintiff's claims, Subaru seeks to modify Plaintiff's request for voluntary dismissal without prejudice to a dismissal with prejudice.[11]

---

[6] Rec. Doc. 25-1 at 2.

[7] *Id.* citing *Morris v. Ocean Systems,* 730 F.2d 248, 251 (5th Cir. 1984); *Tymon v. State Farm Fire & Cas. Co.,* No. CV 23-5571, 2024 WL 623935 (E.D. La. Feb. 14, 2024).

[8] *Id.* at 3.

[9] *Id.*

[10] *Id.*

[11] *Id.*

Considering the lack of opposition to Subaru's motion, Plaintiff's letter[12] admitting the lack of evidence to substantiate her claims, and potential prejudice faced by Subaru, the Court finds that a dismissal of Plaintiff's claims with prejudice is appropriate. Accordingly,

**IT IS HEREBY ORDERED** that Subaru's Motion to Dismiss with Prejudice[13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss without Prejudice[14] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims in the above captioned matter against all Defendants are **DISMISSED WITH PREJUDICE,** with each party to bear its own costs.

**NEW ORLEANS, LOUISIANA** this   20th   day of March, 2024.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[12] Rec. Doc. 24.

[13] Rec. Doc. 25.

[14] Rec. Doc. 24.